UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GEORGE STEINMETZ,**<br><br>Plaintiff,<br><br>-against-<br><br>**EMPIRE LIMOUSINE LLC and DOES 1-10.,**<br><br>Defendants. | 23-cv-5489 (ALC)<br><br><u>OPINION AND ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, George Steinmetz ("Steinmetz,") brings this action against Defendant, Empire Limousine LLC ("Empire Limo,") and Defendants DOES 1 through 10, alleging copyright infringement, vicarious and/or contributory copyright infringement, and violations of 17 U.S.C. § 1202. After Plaintiff obtained a Certificate of Default from the Clerk of the Court, he made the instant motion for default judgment against Defendant. *See* ECF Nos. 12, 14. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**.

## BACKGROUND

I.   **Factual Background**

George Steinmetz is a renowned professional photographer who captured and owns a valid copyright registration for the original photograph at issue ("Subject Photograph") and holds a corresponding copyright registration certificate issued by the United States Copyright Office. (ECF No. 1 ¶¶ 12-1). On or around November 10, 2020, Steinmetz discovered that Empire

Limousine had reproduced and publicly displayed and distributed the Subject Photograph on its website located at https://www.empirelimousine.net/wp-content/uploads/2018/06/nyc-compressor.jpg without Steinmetz's authorization or consent. (ECF No. 1 ¶¶19-21, 27-28, 34-35, Ex. B).

## II. Procedural History

On June 27, 2023, Steinmetz filed this action against Empire Limo. (ECF No. 1). On June 29, 2023, Steinmetz served the summons and Complaint for this action via Empire Limo's registered agent. Proof of service was filed with this Court on June 29, 2023. (ECF No. 8).

To date, Empire Limo has not filed an answer to Steinmetz's Complaint or otherwise appeared in this action. Steinmetz requested an entry of default against Empire Limo on October 5, 2023. (ECF No. 10). On October 6, 2023, default was entered against Empire Limo by the Clerk of Court via a certificate of Default. (ECF No. 11). The Court then directed Steinmetz to file the instant Motion on or before November 13, 2023. (ECF No. 12). Steinmetz now seeks an entry of default judgment for copyright infringement and violations of 17 U.S.C. Section 1202 as to Empire Limo.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation-other than the one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in the plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

Additionally, "while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted).

**DISCUSSION**

In light of Defendant's default, the Court "accepts as true the well-pleaded allegations in the Complaint." *Ergin v. 8th Hill Inc.*, No. 20-CV-4594 (AJN), 2021 WL 4267635, at *2 (S.D.N.Y. Sept. 20, 2021). The Court then "examines 'whether [the] plaintiff's allegations are prima facie sufficient to demonstrate liability for the cause of action as to which they are seeking a default judgment.'" *Id.*, citing *Morozov v. ICOBOX Hub Inc.*, No. 18-cv-3421 (GBD) (SLC), 2020 WL 5665639, at *1 (S.D.N.Y. May 5, 2020,) *report and recommendation adopted*, 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020.)

First, Steinmetz sufficiently pleaded Empire Limo's liability for copyright infringement. "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). And "[a] certificate of registration is prima facie evidence that a copyright is valid." *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 201). Steinmetz created and owns a valid copyright for the Subject Photograph, for which he has a valid certificate of registration, and alleges that Empire Limo used the Subject Photograph on its official website page without authorization. (ECF No. 1 ¶¶ 2-3, 14; Ex. A, B). When accepted as true, Steinmetz has pleaded sufficient facts to establish Empire Limo's liability for copyright infringement.

Second, Steinmetz has pleaded facts sufficient to establish Empire Limo's liability for violations of section 1202. "[T]o state a valid claim under subsection 1202(b), a plaintiff must allege 1) the existence of CMI [copyright management information] on the products at issue; 2) removal and/or alteration of that information; and 3) that the removal and/or alteration was done intentionally." *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340 (AJN), 2018 WL 5961424 at 2 (S.D.N.Y. Nov. 14, 2018). Steinmetz alleges that it originally published the Subject Photograph

with CMI including accreditation information identifying Steinmetz as the author, and that Empire Limo "acted knowingly and intentionally" to remove Steinmetz's CMI from the Subject Photograph before publishing same to the public. (ECF No. 1 ¶¶ 34-36, ECF No. 1-1, 1-2.) Accordingly, Steinmetz pleads facts sufficient to establish Empire Limo's liability for violations of section 1202.

### I.   Relief Requested

An award of statutory damages for both copyright infringement and violations of Section 1202 of the DMCA, as well as attorney's fees, is appropriate. On a motion for default judgment, "[e]stablishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on ... a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Myeress* at 2. And "[i]n the case of a default where the defendant has never appeared, 'a court may base its determination of damages solely on the plaintiff's submissions.'" *Myeress* at 2.

Accordingly, Steinmetz may recover statutory damages for Empire Limo's copyright infringement. "Under the Copyright Act, a plaintiff who elects statutory damages is entitled to an award of between $750 and $30,000 per work infringed," and "[w]here the infringement is 'willful,' the maximum permissible award per infringed work rises to $150,000." *Myeress* at 3 (citing 17 U.S.C. § 504 (c)(1-2).) "Copyright infringement is deemed willful by virtue of a defendant's default." *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015). When calculating an award of statutory damages, courts consider factors such as "the expenses saved and the profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind." *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 659–60 (S.D.N.Y.

1996.) Finally, "[i]n cases of unlicensed use of ordinarily licensed content, a statutory damages award should significantly exceed the amount of unpaid license fees." *Id*. (internal quotations omitted).

All of the relevant factors weigh heavily in favor of awarding Steinmetz significant statutory damages. Empire Limo avoided significant expenses by stealing the Subject Photograph rather than paying for a license from Steinmetz, and by virtue of willfully failing to participate in this litigation has not allowed Steinmetz to gather any evidence of the profits reaped from infringement. Furthermore, Empire Limo's infringement is deemed willful by virtue of its default. Because all of the relevant factors weigh heavily in Steinmetz's favor, the Court grants his request for an award of $75,000 in statutory damages for Empire Limo's willful copyright infringement, half the maximum he is potentially entitled to under the law.

Steinmetz is also entitled to statutory damages for violations of Section 1202. It is well established that a copyright plaintiff may be awarded statutory damages for both copyright infringement and violations of Section 1202. *See Bus. Casual Holdings, LLC v. TVNovosti*, No. 21CV2007JGKRWL, 2023 WL 1809707, at *10 (S.D.N.Y. Feb. 8, 2023) ("The Copyright Act and the DMCA protect against different injuries; accordingly, a court may award damages under both statutes.") An award of statutory damages for violations of Section 1202 is "especially fitting in the default judgment context where [p]laintiffs are without the benefit of any disclosure by the infringer, leaving damages uncertain." Id. at 10. Because Empire Limo has defaulted and failed to disclose any information which could allow a calculation of actual damages, the Court awards the maximum award of $25,000. *See id.*

Finally, the Court awards Steinmetz reasonable attorneys' fees and costs incurred in this action. Both the Copyright Act and the DMCA permit the Court "in its discretion, to award reasonable attorney's fees to the prevailing party." *Myeress* at 4. And The Copyright Act allows a prevailing party "to recover its 'full costs' incurred in protection of its copyright." *Id*. at 5.

Accordingly, the Court awards Steinmetz statutory damages in the amount of $75,000 per infringed work, plus $25,000 for the removal of Plaintiff's copyright management information, for a total of $100,000. The Court awards attorneys' fees in the amount of $6,315.00, and reasonable costs and expenses in the amount of $491.00

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Clerk of the Court is respectfully requested to close the open motion at ECF No. 13 and to close this case.

**SO ORDERED.**

**Dated:** September 29, 2024
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**